

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-31,454-03

### EX PARTE RODNEY ELNESTO SMILEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1011284D IN THE 213TH DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child and sentenced to ten years' imprisonment.

Applicant contends that his due process rights were violated when the Board of Pardons and Paroles did not vote on his discretionary mandatory supervision for more than two years after he was eligible for mandatory supervision release. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.147; *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334

S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date and his initial discretionary mandatory supervision eligibility and review dates. The affidavit should indicate whether Applicant's initial review date changed, and if so, why the date was changed and the new date for review. The affidavit shall also indicate the dates of any discretionary mandatory supervision votes.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to when Applicant was eligible for release to discretionary mandatory supervision and when the Board of Pardons and Paroles voted to deny release. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 26, 2014
Do not publish